UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TAURUS DARNELL GREGORY                      CIVIL ACTION

VERSUS                                      NO. 04-2618

WARDEN JAMES D. MILLER, JR., ET AL          SECTION: "C"(5)


                    **REPORT AND RECOMMENDATION**

     Plaintiff, Taurus Darnell Gregory, is a state prisoner currently incarcerated at the Washington Correctional Institute ("WCI"), Angie, Louisiana. In this pro se and in forma pauperis complaint filed pursuant to 42 U.S.C. §1983, plaintiff has named as defendants the following WCI personnel: Warden James Miller, Emergency Medical Technician ("EMT") Glenn Samuels, Sergeant Master Eric Manning, and Dr. Jerry Thomas. Plaintiff complains about three incidents, two occurring in July, 2004, and the other in August, 2004, in which he allegedly did not receive the medical attention he required.

     With respect to the first July, 2004 incident, plaintiff complains that on July 8, 2004, EMT Samuels refused to provide him

with any of his oral medication.  Thereafter, on July 13, 2004, Samuels again refused to provide plaintiff with his medication which consisted of a bar of soap prescribed for plaintiff by Dr. Jerry Thomas.

In August, 2004, specifically, August 3, 2004, plaintiff complains that he went to see Dr. Thomas in connection with "a knot in [his] testicles". According to plaintiff, Dr. Thomas refused to provide him with medical treatment until plaintiff agreed to drop the grievance he had lodged against EMT Samuels in connection with Samuel's earlier refusal to provide plaintiff with his prescribed medication.

Initially, the defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) wherein it was argued that plaintiff had failed to exhaust his administrative remedies with respect to a portion of his claims.  (See rec. doc. 17).  In support of their motion, defendants attached, as "Exhibit DOC 1", copies of documents reflecting plaintiff's utilization of WCI's administrative remedy program with respect to the July 8 & 13, 2004 incidents, along with an affidavit from Kimberly Lemaire, a "Paralegal II for the Department of Public Safety and Corrections, (Department) Legal Services, Office of the Secretary", attesting to the authenticity of the submitted documents.  Those administrative remedy procedure ("ARP") filings by plaintiff addressed only the

actions of EMT Samuels and Sgt. Master Manning.

Shortly after its receipt of defendants' motion, the Court issued a minute entry directing plaintiff to file a response to said motion. (See rec. doc. 18). In accordance with the Court's order, plaintiff filed a timely opposition to defendants' motion, stating, in enumerated paragraph 3, that he "has exhausted his administrative remedies as required by 42 USC §1997e(a)" and referring the Court to supporting evidence outside of the record, specifically, an "attachment hereto and made a part hereof as **Exhibit DOC 1**)" (emphasis in original). (Rec. doc. 22).[1]/

Ultimately, the Court denied the motion to dismiss as the defendants had not annexed information pertaining to the mechanics of how the administrative remedy procedure employed by the State operated. (Rec. doc. 32). Defendants had been ordered to supply said information to the Court and it had not been timely forthcoming. (Rec. doc. 28). The motion of the State defendants

---

[1]/ A review of plaintiff's opposition, however, reveals that he failed to actually attach the outside material to which he made reference despite the fact that he has had ample opportunity to do so, having, since the filing of his opposition, participated in a status conference conducted before the Court and filed other pleadings/correspondence with the Court. (See rec. doc. nos. 24, 23, 26). However, the Court understands that this is the same exhibit as filed by the State defendants which is annexed to the original motion to dismiss and has considered this document in light of plaintiff's arguments.

was, therefore, denied without prejudice to re-urge same upon properly submitted supports. (Rec. doc. 32). Although the motion was not re-urged by the State defendants, the information at issue was subsequently provided. (Rec. doc. 33). The Court references same hereinafter.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact. Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous.

Title 42 U.S.C. §1997e(a), enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter

v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825 n. 6 (2001).

    Defendants have provided the Court with an affidavit from a prison official regarding the mechanics of the ARP employed at WCI. The Court takes judicial notice of the fact that the ARP system currently employed at WCI consists of a two-step administrative review of inmate complaints. This two-step administrative policy is initiated by the inmate writing a letter to the Warden setting forth the basis for the claim and the relief sought. The request for administrative relief must be filed within a ninety (90) day period after an incident has occurred. The Warden is charged with the responsibility of addressing the inmate's grievance. If the inmate is not satisfied with the response, he may request a second step review from the Secretary of the Department of Corrections. The matter is completed only following the Secretary's rejection of the prisoner's grievance. Thereafter, the inmate may proceed to court, if dissatisfied. (Rec. doc. 33, ex. A).

    Attached to defendants' motion to dismiss as "Exhibit DOC 1"

are copies of the "First Step Response Form", plaintiff's response thereto, and the "Second Step Response Form" in "Administrative Remedy Procedure No. WCI-04-396" ("ARP 04-396"). (See rec. doc. 17). These documents reflect that plaintiff, with respect to ARP 04-396, clearly exhausted WCI's administrative remedy process.[2]/ However, ARP 04-396 concerns only the above-referenced July 8 & 13, 2004 incidents, i.e., plaintiff's complaint that EMT Samuels refused to provide him with his prescribed oral medication on July 8, 2004, and with his prescription soap on July 13, 2004.

With respect to the August 3, 2004 incident, i.e., Dr. Thomas' alleged refusal to treat plaintiff in connection with a knot in his testicles, plaintiff has submitted correspondence, dated August 4, 2004, from WCI Assistant Warden Kathy McGinnis in which she informs:

> Please be advised I have reviewed your medical record and noted your complaint regarding the "knot". The physician saw you for this complaint and noted it was a small cyst (pimple size) which was not red or infected. [The physician] offered to open it for you but you refuse[d] which is your right to do.
>
> The physician makes the determination with regard to the medical necessity of referring inmates to off-site specialty Clinics. As long as treatment determined to be

---

[2]/ Specifically, the pertinent documents reflect that plaintiff received an initial response to his grievance from the unit head and, not satisfied with said response, pursued the matter further, ultimately receiving a rejection of his grievance from the Office of the Secretary of the Department of Corrections.

>        medically necessary can be provided at the institutional
>        level there will be no referral off-site.  It is apparent
>        from the physician's documentation, your medical care can
>        be provided by the institution.[3]

This correspondence, along with the complaint which prompted it, may be considered sufficient for purposes of satisfying the first step of WCI's administrative remedy procedure.  However, plaintiff clearly has not exhausted the two-step procedure in that he has failed to lodge his complaint with the Secretary of the Department of Corrections.[4]  Thus, plaintiff, with respect to the August, 2004 incident, has failed to exhaust his administrative remedies as required under 42 U.S.C. §1997e(a).  As the August 3rd incident is the only basis upon which plaintiff attempts to assert a claim against Dr. Jerry Thomas, this claim must be resolved in the doctor's favor and dismissed as frivolous.

The Court further notes that plaintiff has not set forth any facts establishing a causal connection between anything that Warden Miller might have done to him and the damage which the plaintiff might have sustained.  <u>Lozano v. Smith</u>, 718 F.2d 756, 768 (5th Cir.

---

[3] / A copy of this August 4, 2004 correspondence is attached to plaintiff's complaint. At the bottom of this copy is a handwritten notation which states: "Letter from assists [sic] warden responds [sic] to letter I wrote about the denial of proper medical atention [sic] by Dr. Jerry Thomas!!".

[4] / <u>See</u> discussion <u>supra</u> at p. 5 regarding the mechanics of WCI's two-step administrative remedy procedure.

1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).  If plaintiff has sued the Warden based upon a theory of *respondeat superior*, the Court notes that he gains no benefit from such an argument as this legal concept is inapplicable to §1983 litigation for purposes of holding a supervisory official responsible for the actions of employees.  Wesson v. Oglesby, 910 F.2d 278, 283-84 (5th Cir. 1990); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985).  Plaintiff has not alleged that the Warden has employed a faulty policy or practice which has worked to his detriment.  Nor, the Court notes, has plaintiff made any complaint about the Warden through the administrative grievance network.  His only possible disagreement with the Warden appears to be that the Warden failed to accept plaintiff's premise that inadequate care was given to him. Accordingly, plaintiff's claims against Warden Miller must likewise be dismissed as frivolous.

As to Sgt. Master Manning, the Court understands that plaintiff believes Manning to possibly be responsible for removing his name from a sick call list on July 13, 2004.  According to plaintiff's original complaint, **either** "Sgt. Samuels or Sgt. Manning had to have scratched my name off the sick call list." (Rec. doc. 1, p. 9).  Assuming, however, that this might be

accurate, plaintiff can allege no physical damage as a result of this action.  Clearly, nothing prevented him from lodging another sick call form or utilizing the format of "self-declared emergency" in order to get his issue resolved expeditiously.  The July 13th incident related to plaintiff's alleged failure to receive a bar of prescription soap and his medical records, which the Court has reviewed, do not establish damage as a result, even if plaintiff's version is accurate.  Lastly, the Court notes that plaintiff is no stranger to filing sick calls or dealing with the medical department, as his medical records are lengthy.  And by plaintiff's own admission, there was no more than a two-week delay in his receipt of the soap which he wanted.

In order to set forth a claim for deliberate indifference to one's serious medical needs in violation of the Constitution, a state actor must engage in an "unnecessary and wanton infliction of pain". Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006)(citation and internal quotation omitted).  Whereas a mere delay of medical care, as is alleged by plaintiff here, can also constitute an Eighth Amendment violation, it can only do so "'if there has been deliberate indifference [that] results in substantial harm'" to plaintiff. Id. (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)).  A prison official cannot be found liable under the Eighth Amendment unless he knows of and disregards an excessive

risk to inmate health or safety. In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists if attention is not given to the inmate and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). But additionally, plaintiff must have suffered some type of provable physical damage as a result of inaction on the part of the state actor. Title 42 U.S.C. §1997e(e), also enacted as part of the PLRA, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." Any such injury sufficient to implicate the Constitution must be more than *de minimis*. Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

In this case, plaintiff cannot prove deliberate indifference to his serious medical needs based upon a two-week delay in his receipt of prescription soap as his medical records do not indicate any causally related problems from his failing to receive it earlier. Furthermore, even if he did suffer some type of discomfort, it cannot be considered anything more than *de minimis* aggravation, which fails to set forth a claim for money damages under §1997e(e) and the jurisprudence noted above. Therefore, plaintiff's damage claim against Sgt. Master Manning must also be

considered as frivolous.

As to the remaining defendant, EMT Samuels, there is also no causal connection between any actions on his part and provable damage sustained by plaintiff. The failure to provide plaintiff with his medications on two occasions, even if true, will not reach the level of anything more than *de minimis* which is insufficient to recover monetary damages under §1983. As noted earlier, a careful review of the plaintiff's medical records indicates that he is no stranger to making his issues known, when necessary. And there is nothing in those records to support a claim for damages for failure to present plaintiff with medication as plaintiff has failed to receive subsequent treatment indicating an exacerbation of his condition because he did not get his medicine. Accordingly, plaintiff's claim against this defendant must also be considered frivolous.

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's claims against all defendants herein be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's

report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   26th   day of   January  , 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE